AO 245B (Rev. 11/16)   Judgment in a Criminal Case
                       Sheet 1

# UNITED STATES DISTRICT COURT

## District of Massachusetts

| UNITED STATES OF AMERICA | ) JUDGMENT IN A CRIMINAL CASE |
| v. | ) |
| JOSEPH DEBRUM | ) Case Number: **1: 15 CR 10292 - 1 - NMG** |
|  | ) USM Number: 96941-038 |
|  | ) Timothy G. Watkins, Esq. |
|  | ) Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s, 10s, 11s, 12s, 13s, 14s, & 15s

☐ pleaded nolo contendere to count(s)
 which was accepted by the court.

☐ was found guilty on count(s)
 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §2422(b) | Coercion and Enticement of a Minor | 05/20/14 | 1s |
| 18 USC §2251(a) | Sexual Exploitation of Children | 05/20/14 | 2s |
| 18 USC §2422(b) | Coercion and Enticment of a Minor | 03/07/15 | 3s |
| 18 USC §2251(a) | Sexual Exploitation of Children | 03/07/15 | 4s |
| 18 USC §2422(b) | Coercion and Enticement of a Minor | 03/31/15 | 5s |

The defendant is sentenced as provided in pages 2 through   10   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   1&2 of original indictment   ☐ is   ☑ are dismissed on the motion of the United States.

 It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/18/2017
Date of Imposition of Judgment


Signature of Judge

The Honorable Nathaniel M. Gorton
U.S. District Judge
Name and Title of Judge


Date

DEFENDANT: JOSEPH DEBRUM
CASE NUMBER: 1: 15 CR 10292 - 1 - NMG

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §2252A(a)(2 | Distribution of Child Pornography | 09/21/14 | 6s |
| 18 USC §2422(b) | Coercion and Enticement of a Minor | 09/21/14 | 7s |
| 18 USC §2251(a) | Sexual Exploitation of Children | 09/21/14 | 8s |
| 18 USC §2422(b) | Coercion and Enticement of a Minor | 03/21/15 | 9s |
| 18 USC §2251(a) | Sexual Exploitation of a Children | 03/21/15 | 10s |
| 18 USC §2422(b) | Coercion and Enticement of a Minor | 12/04/14 | 11s |
| 18 USC §2251(a) | Sexual Exploitation of Children | 12/04/14 | 12s |
| 18 USC §2422(b) | Coercion and Enticement of a Minor | 08/08/14 | 13s |
| 18 USC §2251(a) | Sexual Exploitation of Children | 08/08/14 | 14s |
| 18 USC 2252A(a)(2 | Distribution of Child Pornography | 05/31/14 | 15s |
| 18 USC §2428 | Coercion and Enticement of a Minor Forfeiture Allegation | | |
| 18 USC §2253 | Sexual Exploitation of Children Forfeiture Allegation | | |

AO 245B (Rev. 11/16) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 3 of 10

DEFENDANT: JOSEPH DEBRUM
CASE NUMBER: 1: 15 CR 10292 - 1 - NMG

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 216 month(s)

which term consists of terms of 216 months on each count, to be served concurrently.

☒ The court makes the following recommendations to the Bureau of Prisons:

See Page. 4

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/16)  Judgment in a Criminal Case
　　　　　　　　　　Sheet 2A — Imprisonment

Judgment—Page __4__ of __10__

DEFENDANT: JOSEPH DEBRUM
CASE NUMBER: **1: 15 CR 10292 - 1 - NMG**

## ADDITIONAL IMPRISONMENT TERMS

The Court makes a judicial recommendation that the defendant be designated to an institution commensurate with security where the Bureau of Prisons can afford appropriate medical care for the defendant's documented medical needs.

The Court makes a judicial recommendation that the defendant be designated to an institution commensurate with security where the defendant can participate in sex offender treatment.

AO 245B (Rev. 11/16)   Judgment in a Criminal Case
                       Sheet 3 — Supervised Release

Judgment—Page __5__ of __10__

DEFENDANT: JOSEPH DEBRUM
CASE NUMBER: 1: 15 CR 10292 - 1 - NMG

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :    7  year(s)

This term consists of terms of 7 years on each count, to be served concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/16)   Judgment in a Criminal Case
　　　　　　　　　　　Sheet 3A — Supervised Release

Judgment—Page __6__ of __10__

DEFENDANT: JOSEPH DEBRUM
CASE NUMBER: 1: 15 CR 10292 - 1 - NMG

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: JOSEPH DEBRUM
CASE NUMBER: 1: 15 CR 10292 - 1 - NMG

# SPECIAL CONDITIONS OF SUPERVISION

1 You must participate in a mental health treatment program as directed by the Probation Office.

2. Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, you shall register as a sex offender not later than 3 business days (from release or sentencing, if granted probation). You will keep the registration current, in each jurisdiction where you reside, are employed or are a student. You must, not later than 3 business days after each change in name, residence, employment, or student status, appear in person in at least one jurisdiction in which you are registered and inform that jurisdiction of all changes in the information. Failure to do so may not only be a violation of this condition but also a new federal offense punishable by up to 10 years' imprisonment. In addition, you must read and sign the Offender Notice and Acknowledgment of Duty to Register as a Sex Offender per the Adam Walsh Child Protection and Safety Act of 2006 form.

3. You must participate in a sexual specific evaluation or sex offender specific treatment, conducted by a sex offender treatment provider, as directed and approved by the Probation Office. The treatment provider shall be trained and experienced in the treatment of sexual deviancy, and follow the guideline practices established by the Association for the Treatment of Sexual Abusers (ATSA). The sexual specific evaluation may include psychological and physiological testing which may include polygraph testing and the Visual Reaction Time Assessment (e.g. ABLE screen). You must disclose all previous sex offender or mental health evaluations to the treatment provider.

4. You must submit to periodic polygraph testing as a means to ensure that you are in compliance with the requirements of your supervision or treatment program. When submitting to a polygraph exam, you do not waive your Fifth Amendment rights, and your exercise of such rights will not give rise to a violation proceeding. The results of the polygraph examinations may not be used as evidence in Court to prove that a violation of community supervision has occurred, but may be considered in a hearing to modify release conditions and/or could initiate a separate investigation.

5. You must allow the installation of computer internet monitoring software on approved internet capable devices, but may still use a computer for work purposes that has been previously approved by the Probation Office. The program(s) used will be designed to identify, for the Probation Office, the viewing, downloading, uploading, transmitting, or otherwise using any images or content of a sexual or otherwise inappropriate nature. You must not attempt to remove or otherwise defeat such systems, and must allow the Probation Office to examine such computer and receive data from it at any reasonable time.

6. You must advise anyone using the monitored internet capable devices that those devices are being monitored by the Probation Office.

7. You must not possess or use any computer or internet-capable device without prior approval from the Probation Office. Any such device should not be used to knowingly access or view sexually explicit materials as defined in 18 U.S.C. §2256(2)(A).

8. You must disclose all account information relative to internet access, social networking, and email, including user names and passwords, to the Probation Office. You must also, if requested, provide a list of all software/hardware on your computer, as well as telephone, cable, or internet service provider billing records and any other information deemed necessary by the Probation Office to monitor your computer usage.

9. You must provide the probation officer with access to any requested financial information for purposes of monitoring compliance with the imposed computer access/monitoring conditions, including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

10. You must not knowingly have direct contact, or contact through a 3rd party, with children under the age of 18, unless previously approved by the Probation Office, or in the presence of a responsible adult who has been approved by the Probation Office, and who is aware of the nature of your background and current offense.

11. You must not knowingly have any contact with victim(s) without prior approval of the Probation Office. This includes letters, communication devices, audio or visual devices, visits, social networking sites, or third parties not covered by any other condition.

12. You must consent to third party disclosure to any employer or potential employer concerning any computer-related restrictions that are imposed upon you, unless excused by the probation officer. You are prohibited from being employed in any capacity that may cause you to come in direct contact with children, except under circumstances approved in advance by the supervising probation officer. In addition, you must not participate in any volunteer activity that may cause you to come into direct contact with children, except under circumstances approved in advance by the probation officer. Contact is defined as any transaction occurring face to face, over the telephone, via mail, over the internet, and any third party communication.

AO 245B (Rev. 11/16)  Case 1:15-cr-10292-NMG   Document 118   Filed 07/25/17   Page 8 of 10
Judgment in a Criminal Case
Sheet 4D — Probation

Judgment—Page 8 of 10

DEFENDANT: JOSEPH DEBRUM
CASE NUMBER: 1: 15 CR 10292 - 1 - NMG

# SPECIAL CONDITIONS OF SUPERVISION

13. Prior to accepting any form of employment, you must seek the approval of the Probation Office, in order to allow the Probation Office the opportunity to assess the level of risk to the community you may pose if employed in a particular capacity.

14. You shall be required to contribute to the costs of evaluation, treatment, programming, and/or monitoring (see Special Condition # 1, 3, & 5), based on the ability to pay or availability of third-party payment.

Defendant is to have no contact, direct or indirect, with any of the minor victims for the period of incarceration and period of supervised release.

AO 245B (Rev. 11/16) Judgment in a Criminal Case
　　　　　　　　　Sheet 5 — Criminal Monetary Penalties

Judgment — Page __9__ of __10__

DEFENDANT: JOSEPH DEBRUM
CASE NUMBER: 1: 15 CR 10292 - 1 - NMG

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 1,500.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

　　☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 10 of 10

DEFENDANT: JOSEPH DEBRUM
CASE NUMBER: 1: 15 CR 10292 - 1 - NMG

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☑ Lump sum payment of $ __1,500.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.